UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS ROSALES,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

Case No. 3:21-cv-05014-RAJ-TLF

REPORT AND RECOMMENDATION

Noted for June 4, 2021

Petitioner, Jesus Rosales, proceeds *pro se* in this federal habeas action brought pursuant to 28 U.S.C. § 2254 and filed on January 7, 2021. *See* Dkt. 3. After reviewing the petition, the Court declined to serve the petition, but gave petitioner an opportunity to show cause why this case should not be dismissed as unexhausted, procedurally defaulted and barred by the federal statute of limitations. *See* Dkt. 6. Petitioner was ordered to show cause on or before April 19, 2021. *Id.* The Court warned petitioner that failure to respond to the Court's order may result in the Court recommending dismissal of this action, without prejudice. *Id*. Petitioner failed to respond to the Court's order and the petition should be dismissed without prejudice for this reason alone. In addition, for the reasons discussed below, the petition should also be dismissed as unexhausted and untimely.

REPORT AND RECOMMENDATION - 1

BACKGROUND

Petitioner challenges his 2010 conviction and sentence in Pierce County Superior Court under case number 09-1-04532-3. Petitioner contends his federal constitutional rights were violated under the Fifth, Thirteenth and Fourteenth Amendments because he was not charged by Grand Jury indictment. Dkt. 3 at 17-19.

Petitioner states that he pled guilty and did not file a direct appeal or any other petitions, applications or motions concerning his judgment of conviction in state court. Dkt. 3 at 1-3. Petitioner also indicates that he intends not to bring the claims raised in his federal habeas petition to the state courts—that state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution.[1] Dkt. 3 at 17-19. However, exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).

By order dated March 18, 2021, petitioner was given an opportunity to show cause why his petition should not be dismissed as unexhausted and time-barred. *See* Dkt. 6. Petitioner was advised that a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. *Id.*; 28 U.S.C. § 2254(b)(1). The order also advised Petitioner that to properly exhaust his federal claims, he must finish "one complete round of the State's established appellate review process," up to the highest

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 3 at 12. The Court interprets this as a typographical or scrivener's error however as petitioner makes clear in his explanation to the question that "**[n]o grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* at 19 (emphasis added).
REPORT AND RECOMMENDATION - 2

state court with powers of discretionary review. *Id.*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

## DISCUSSION

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

**A.      Failure to Exhaust State Court Remedies**

Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court; as such, his petition is not eligible for federal habeas review. Dkt. 3, at 1-19. Exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2] Petitioner indicates that he does not intend to bring his claims to the state courts. Dkt. 3 at 17-19.

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of federal habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To

---

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

REPORT AND RECOMMENDATION - 3

properly exhaust federal claims, a would-be federal habeas corpus petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, at 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside of its jurisdictional or statutory governing limits." Dkt. 3 at 17-19. This argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated. Federal habeas relief is available where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and presents no colorable claim that an exception to the exhaustion requirement applies in his case. Accordingly, petitioner is not eligible for

REPORT AND RECOMMENDATION - 4

federal habeas review.[3] [4] Dkt. 3 at 1-19; see *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted *at the time of filing.*") (emphasis added).

B.   **Statute of Limitations**

The Court also directed petitioner to show cause why his petition should not be dismissed as time barred under the one-year federal statute of limitations applicable to habeas corpus actions. Dkt. 6 at 6–8. The Court notes that the petition indicates Petitioner is challenging a judgment and sentence from August 2010, nearly eleven years ago.

---

[3] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[4] It appears that petitioner's substantive constitutional claims also lack merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies and that his claims are time-barred.

REPORT AND RECOMMENDATION - 5

When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on that ground. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001). However, "that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond." *Id.* at 1043; *see also Day v. McDonough*, 547 U.S. 198, 210, 126 S. Ct. 1675, 164 L.Ed.2d 376 (2006).

Petitioner was informed that under the 28 U.S.C. § 2244(d)(1)(A), habeas corpus petitions by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. Dkt. 6 at 6. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . ." The limitation period may run from a later date under the following circumstances: first, it may run from the date on which an impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such State action; second, it may run from the date on which the United State Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review; and third it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C) and (D). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Here, petitioner indicates he pled guilty and was sentenced on August 8, 2010. Dkt. 3 at 1. Petitioner indicates he did not appeal and, therefore, it appears to have been more than a year since his conviction became final when he filed his petition. *Id*. at 2. Petitioner also indicates he has not filed any application for State post-conviction or other collateral review pertaining to his judgment and sentence. *Id*. at 6. The petition presents no facts that would indicate a basis for statutory tolling, or delayed accrual, under 28 U.S.C. § 2244(d)(1) or (2).

Petitioner was also informed that the statute of limitations governing federal habeas petitions is subject to equitable tolling. Dkt. 6 at 7–8. *See Holland v. Florida*, 560 U.S. 631 (2010). But a habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015) (*citing Gibbs v. Legrand*, 767 F.3d 879, 891–92 (9th Cir. 2014). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). Petitioner has not identified any such circumstances.

Petitioner was also informed that a showing of actual innocence may satisfy the requirements for equitable tolling. Dkt. 6 at 8. *See Lee v. Lampert*, 653 F.3d 929, 937

REPORT AND RECOMMENDATION - 7

(9th Cir. 2011) (en banc); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the *Schlup v. Delo*, 513 U.S. 298 (1995), gateway and have his constitutional claims heard on the merits." *Lee*, 653 F.3d at 937; *accord, McQuiggin*, 569 U.S. at 386. To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has not produced any such evidence.

The petition presents no facts that would establish a basis for equitable tolling and Petitioner has failed to respond to the Court's Order to Show Cause to provide any such facts. Accordingly, in addition to being unexhausted, Petitioner's claims also are time-barred under 28 U.S.C. § 2244(d)(1), and are subject to dismissal with prejudice on that ground.

**C.   "Motion for Vicarious Exhaustion of State Remedies" (Dkt. 4)**

Petitioner argues the Court should find he has "vicariously exhausted" his claims based on the court's decision in a separate federal habeas action by a different petitioner, *Fischer v. State of Washington*, C20-051-TSZ. Petitioner argues that if another member of a "class" satisfies the requirement to exhaust his or her "administrative remedies," it is enough for all other similarly situated members of the class to be considered to have exhausted. Dkt. 4 at 2.

In *Fischer*, United States District Judge Thomas S. Zilly rejected the Magistrate Judge's conclusion that the petitioner, Mr. Fischer, failed to exhaust his state court

REPORT AND RECOMMENDATION - 8

remedies. *See Fischer v. State of Washington*, No. C20-051-TSZ, Dkt. 5, 2020 WL 916189 (W.D. Wash. Feb. 26, 2020). The Court in that case cited to the fact that Mr. Fischer had filed a petition for discretionary review in the Washington Supreme Court on direct appeal and two personal restraint petitions in the Washington Court of Appeals. *Id.* [5]

But Mr. Fischer's exhaustion of his own claims is wholly irrelevant the Petitioner's failure to exhaust. Petitioner's claims in this case are not brought in a class action nor is the exhaustion of "*administrative* remedies" at issue.

Because it is clear the petitioner has not presented the *precise claims* to the state court that he now presents in his federal habeas corpus petition, he has not properly exhausted his claims. Petitioner's perception that the state courts would be unsympathetic to his claims does not excuse his failure to present and exhaust his claims. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982) ("Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.").

The Court recommends that petitioner's "Motion for Vicarious Exhaustion of State Remedies" (Dkt. 4) be denied. Alternatively, the motion should be denied as moot because the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1)(A).

---

[5] The Court notes that the petition in *Fisher* was dismissed on other grounds—as untimely and barred by the statute of limitations—without reaching the merits of petitioner's claims. *Fischer*, No. C20-051-TSZ, Dkt. 5, 2020 WL 916189.

REPORT AND RECOMMENDATION - 9

**D.    "Motion to Compel Information" (Dkt. 5)**

Petitioner has also filed a "motion to compel for information (show cause)." Dkt. 5. This motion appears to request the same relief sought by the Petition—namely, release from confinement due to the lack of a grand jury indictment. Dkt. 5 at 1. In light of the Court's recommendation that the Petition be dismissed, the Court recommends that Petitioner's motion (Dkt. 5) be denied as moot.

CONCLUSION AND DEADLINE FOR OBJECTIONS

For the foregoing reasons, this Court recommends that petitioner's federal habeas corpus petition (Dkt. 6), and this action, be **dismissed** on the grounds that (1) Petitioner has failed to comply with a Court order, (2) Petitioner has failed to exhaust his claims, and (3) Petitioner's claims are barred by the statute of limitations. The Court further recommends that Petitioner's motions for "vicarious exhaustion" and "to compel for information" (Dkts. 4 and 5) be **denied**.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court should **deny a certificate of appealability.** A proposed order accompanies this Report and Recommendation.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration June 4, 2021, as noted in the caption.

Dated this 20th day of May, 2021.

Theresa L. Fricke
United States Magistrate Judge